[No. 20466.  Department One.  September 30, 1927.]

## CANADIAN BANK OF COMMERCE, *Respondent*, v. WILLIAM SAMPSON *et al.*, *Appellants.*[1]

[1] LIMITATION OF ACTIONS (57)—DISCOVERY OF FRAUD—WANT OF DILIGENCE.  A counterclaim on a contract, filed in 1924, based on fraudulent representations that P. should be the terminus of the Canadian Northern Railway, is shown by the evidence to be barred by the statute of limitations, through discovery of the fraud more than three years before the filing of the counterclaim, where there was record evidence that V. had by statute been made the terminus since 1917, that defendant was in V. in 1917, and no payments had been made on the contract since 1911.

Appeal from a judgment of the superior court for King county, Paul, J., entered July 9, 1925, dismissing defendant's cross-complaint in an action on contract, upon withdrawal of the case from the jury at the close of the defendant's evidence.  Affirmed.

*Spencer Gray,* for appellants.

*Bronson, Robinson & Jones,* for respondent.

ASKREN, J.—Plaintiff brought this action to recover upon a contract for the sale of lots in Port Mann, British Columbia, entered into between the defendants as purchasers and the Peoples Trust Company, Ltd., as sellers, the contract having been assigned to the plaintiff.

By way of affirmative defense, the defendants set up that they had been induced to execute the contract through fraud of plaintiff's assignor, and sought to recover from plaintiff the payments made on the contract prior to assignment.  Prior to trial, the plaintiff tendered a dismissal of its complaint, with costs, and trial was had alone on the defendants' claim of fraud, wherein it was sought to recover the payments.

[1]Reported in 259 Pac. 710.

At the close of the trial, the court dismissed the counter-claim for want of evidence, and for the further reason that the claim was barred by the statute of limitations. The defendants thereupon appealed.

The contract in question was entered into April 21, 1911, in the sum of $2,250, and there was paid $984 of the amount due. It appears that, for some time prior to the execution of the contract, there was an attempt made to exploit Port Mann, which was situated about four miles from the city of New Westminster, B. C. Large advertisements appeared holding forth that Port Mann was to be the water terminus of the Canadian Northern Railway. It is this representation that is alleged to be fraudulent. It appears that, by statute of British Columbia in 1910, Vancouver, B. C., had been selected as the western terminus, and it may be admitted, for the purposes of this case, that the representations were fraudulent. We can also pass by the evidence which appellants claim showed an agreement or understanding between the respondent and its assignor, sufficient to make it chargeable with notice, knowledge and participation in the fraud; for the judgment must be sustained under the defense of the statute of limitations.

[1] The counter-claim was not filed until July 10, 1924, and the three-year statute of limitations, which respondent alleged as applying, would commence running July 10, 1921. It is claimed that appellant had no knowledge of the fraud, until within the three year period, although the record seems clear to us that this knowledge had existed since 1917. No payments were made after October, 1911, and appellants refused to make any further payments because, as one of them testified, "there had been nothing done in regard to making Port Mann the terminus of the Canadian Northern Railway." It is claimed that the statements, that Port Mann would be the terminus, were known

to be false, because the statute had made Vancouver that point. Yet knowledge of the law was available to all. In any event, appellants were in Vancouver in 1917, and certainly knew then that Port Mann was not, and that Vancouver was, that terminus.

Judgment affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.